

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-23-2009

# Figueroa-Matos v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4007

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Figueroa-Matos v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1837.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1837

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-4007

———————

CECIL ROBERTO FIGUEROA-MATOS,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

———————

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A31-031-083
(U.S. Immigration Judge:  Honorable Roxanne C. Hladylowycz)

———————

Argued January 28, 2009
Before:  SCIRICA, Chief Judge, AMBRO and SMITH, Circuit Judges

(Filed: February 23, 2009)

MATTHEW D. BAXTER, ESQUIRE (ARGUED)
Law Offices of Genevieve Gross & Associates, P.C.
2655 Philmont Avenue, Suite 206
Huntingdon Valley, Pennsylvania 19006
        Attorney for Petitioner

NANCY E. FRIEDMAN, ESQUIRE (ARGUED)
RICHARD M. EVANS, ESQUIRE
SHARON M. CLAY, ESQUIRE
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
        Attorneys for Respondent

SCIRICA, <u>Chief Judge</u>.

Cecil Roberto Figueroa-Matos, a native and citizen of the Dominican Republic, petitions for review of an order of the Board of Immigration Appeals. We will grant the petition.

Figueroa-Matos was admitted to the United States in 1974, at the age of nine. Petitioner's two children, parents and grandson are United States citizens. In June of 1987, petitioner pled guilty to attempted criminal possession of a weapon in the third degree under N.Y. Penal Code §§ 110, 265.02. He was sentenced to five years probation. In September 1989, he was convicted of conspiracy to violate federal narcotics law and related crimes under 21 U.S.C. §§ 846, 812, 841(a)(1) and 841(b)(1)(B). The charges arose from an incident in which petitioner permitted a friend to deal drugs at the gas station he owned in exchange for $15,000. A jury convicted him of all charges, and he was sentenced to twenty-four years in prison.

The government issued a Notice to Appear on January 5, 2001, charging petitioner with being removable under INA §§ 237(a)(2)(A)(iii) & (a)(2)(B)(i) for having committed an aggravated felony and/or a controlled substances offense. Petitioner sought relief under former INA § 212(c), and the IJ heard testimony from him and several of his forty-some family members in the United States. The IJ also considered documentary

evidence, including a memorandum from the penitentiary staff chaplain and an awards nomination form from the prison.

The IJ determined that petitioner was credible and entitled to relief on the basis that he had been "genuinely rehabilitated," (IJ op., 21), that he expressed sincere remorse for his actions, and that he had counseled at-risk youth and his own nephew to encourage them to continue their schooling and to refrain from criminal activity. The IJ determined that petitioner would obtain steady employment upon release, in light of his brother's promise to employ him, and his extensive experience as a cook and a restaurant manager. The IJ concluded that these substantial equities outweighed petitioner's prior criminal behavior. (Id.)

The government appealed, and a divided panel of the BIA sustained the appeal. The BIA reviewed the IJ's discretionary determination and concluded that petitioner's drug crime was sufficiently serious to outweigh petitioner's positive equities. Board Member Cole dissented, stating that she found no clear error in the IJ's determination of the facts, which serve "as the foundation for a de novo review of the [IJ's] legal conclusions[,]" and that she would have affirmed the IJ's grant of relief.

The BIA lacks the authority to review findings of fact by an immigration judge de novo, but it may review these findings for clear error. 8 C.F.R. § 1003.1(d)(3)(i); see Chavarria v. Gonzalez, 446 F.3d 508, 516 (3d Cir. 2006). The BIA may review "questions of law, discretion, and judgment and all other issues in appeals from decisions

3

of immigration judges de novo." 8 C.F.R. § 1003.1(d)(3)(ii). In determining whether a petitioner merits relief under § 212(c), the BIA must balance the adverse factors evidencing the petitioner's undesirability as a permanent resident with the social and humane factors presented in the petitioner's favor. In re Edwards, 20 I. & N. Dec. 191, 195 (BIA 1990). The key issue presented by this petition for review is whether the Board, having recited the correct legal standard, misapplied that standard by ignoring the most significant of petitioner's positive equities.

Petitioner asserts that the BIA engaged in de novo fact finding by refusing to recognize that the IJ had determined that petitioner had been "genuinely rehabilitated." Petitioner argues that the BIA merely ignored this finding and substituted its own finding that petitioner "has a criminal disposition and is likely to be a recidivist." (Pet. Br., 19; see BIA op., 2.) Petitioner also asserts that the BIA pre-judged his case in violation of due process by categorically denying waivers to applicants with serious drug convictions. Cf. In re Burbano, 20 I. & N. Dec. 872, 877 (BIA 1994) (disclaiming such policy).

We agree with petitioner's first assertion. The IJ considered the evidence and determined that petitioner had been rehabilitated, such that his past criminal conduct did not support a presumption of future criminality. The BIA concluded, without mentioning petitioner's rehabilitation, that petitioner's criminal history evidenced his "criminal tendencies," and suggested that he remained a danger to the community. (BIA op. at 2.) The BIA did not explicitly deem the IJ's finding of rehabilitation clearly erroneous, nor

4

did the Board offer reasons for implicitly concluding that petitioner had not been rehabilitated.

The government contends that petitioner's challenge amounts to a disagreement with the weight the BIA accorded to the favorable and unfavorable factors in petitioner's case. This Court would lack jurisdiction to consider such a challenge. 8 U.S.C. § 1252(a)(2)(B)(ii). The government, however, mischaracterizes the BIA's decision at least in part. Despite reciting the proper standard for weighing the equities, the BIA misapplied that standard by ignoring the factor that the IJ found most significant – petitioner's genuine rehabilitation. As discussed by the IJ, genuine rehabilitation means that petitioner is a changed person and no longer a danger to society. In discussing the positive equities, the BIA discusses petitioner's large family consisting of many United States citizens, his model behavior in prison, and his remorse for his past actions. However, none of these three observations constitutes an acknowledgment, let alone discussion, of the IJ's finding that petitioner has been rehabilitated. Although the BIA has discretion to accord this factor little weight, the BIA lacks authority to ignore the factor altogether, especially when the IJ relied principally on that factor in deciding to grant relief.

For the aforementioned reasons, we will grant the petition for review and remand to the BIA for further proceedings consistent with this opinion.